UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
BERNARD DUBLANSKI and RADOSLAW WADOLOWSKI individually and on behalf of all other persons similarly situated,

                                    Plaintiffs,

- against -

KRYSIAK CONSTRUCTION CORP., BOGUSLAWA KRYSIAK, MAREK WUJCIK, and ARKADIUSZ MAKOWSKI,

                                    Defendants.
---------------------------------------------------------------X

Case No.: 1:20-cv-

**COMPLAINT**

CLASS / COLLECTIVE ACTION

JURY TRIAL DEMANDED

Plaintiffs, BERNARD DUBLANSKI and RADOSLAW WADOLOWSKI ("Plaintiffs"), on behalf of themselves and on behalf of all others similarly situated, by and through their attorneys, Marzec Law Firm P.C., as and for their complaint against the Defendants, KRYSIAK CONSTRUCTION CORP. ("Corporate Defendants"), BOGUSLAWA KRYSIAK, MAREK WUJCIK, and ARKADIUSZ MAKOWSKI ("Individual Defendants" and collectively "Defendants"), allege as follows:

## NATURE OF THE ACTION

1. Plaintiffs on behalf of themselves and on behalf of all others similarly situated bring this action to recover unpaid wages, unpaid overtime wages, liquidated damages and reasonable attorneys' fees under the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 *et seq.*) and the various wage orders promulgated thereunder by the U.S. Department of Labor and codified under 29 C.F.R. § 552 *et seq.* ("FLSA"), New York Labor Law Articles 6 and 19 and various wage orders promulgated thereunder by the New York State Department of Labor and codified at 12 N.Y.C.R.R.§ 137-144 ("NYLL"), and the New York State common law.

1

2. Additionally, this action seeks damages, liquidated damages, and punitive damages arising out of breach of contract and unjust enrichment by certain or all Defendants and against the Individual Defendants for intentionally inducing the Corporate Defendants into violating the employee contract between the Corporate Defendants and the Plaintiff and others similarly situated of wages they rightfully earned working for the Corporate Defendants.

3. Plaintiff and others similarly situated employees were employed by the Corporate Defendants but were not compensated in full.

## PARTIES

4. Plaintiff BERNARD DUBLANSKI is a citizen of New York with an address of 1074 Lorimer Street, Apt. 4R, Brooklyn, NY 11222. He was employed by the corporate Defendants from approximately February 1, 2019 through to December 1, 2019.

5. Plaintiff RADOSLAW WADOLOWSKI is a citizen of New York with an address of 58-38 60th Lane, Maspeth, NY 11378. He was employed by the corporate Defendants from approximately February 1, 2019 through to December 1, 2019.

6. At all times relevant herein, the Corporate Defendant KRYSIAK CONSTRUCTION CORP. was and is a corporation duly organized under, and existing by virtue of, the laws of the State of New York and having its principal place of business at 82 Waldo Street, Copiague, New York 11726.

7. The Individual Defendants were the employees of the Corporate Defendants and served in the following capacities:

   a. BOGUSLAWA KRYSIAK all relevant times was and is the Chief Executive Officer of the Corporate Defendant and ultimately charged with payment of wages to Plaintiff and others similarly situated;

b. MAREK WUJCIK at all relevant times was and is the site construction supervisor of the Corporate Defendant and was charged with payment of wages to Plaintiff and others similarly situated; and

c. ARKADIUSZ MAKOWSKI at all relevant times was and is a supervisor for the Corporate Defendant and was charged with payment of wages to Plaintiff and others similarly situated.

8. The individual Defendants maintain an address c/o of KRYSIAK CONSTRUCTION CORP., 82 Waldo Street, Copiague, New York 11726.

9. The Individual Defendants were officers, managers or directors of the Corporate Defendants responsible for supervising Plaintiff and others similarly situated and hiring and firing employees and are individually responsible for unpaid wages under Federal and New York Law and otherwise.

10. Individual Defendants are charged with payment of wages to Plaintiff and other similarly situated as a matter of law.

## JURISDICTION AND VENUE

11. The Court has personal jurisdiction over Corporate Defendant in that Corporate Defendant is domiciled and incorporated in the State of New York, is authorized to do business in the State of New York, and regularly conducts business in New York. Corporate Defendant maintains an office in New York, Suffolk County and conducts its activities from New York State and within this District.

12. The Court has personal jurisdiction over the Individual Defendants in that they are residents of New York and regularly conduct business in New York, maintain an office in New York and conduct their activities from New York State and within this District.

13. Defendants regularly transact a substantial amount of business and have substantial contacts in New York.

14. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this action arises under 29 U.S.C. § 207 (FLSA); 28 U.S.C. § 1337 (Regulation of Commerce).

15. This Court has jurisdiction over Plaintiffs' state law claims pursuant to U.S.C § 1367, because those claims are related to Plaintiffs' federal claims and form part of the same case or controversy.

16. This Court is a proper venue for this action, pursuant to, among other grounds, 28 U.S.C. § 1391 (b) because substantial events or missions giving rise to Plaintiffs' claims occurred in this District, and Defendants are domiciled and are residents of this District.

## JURY DEMAND

17. Plaintiffs demand a trial by jury of all issues so triable in this action.

## FACTUAL BACKGROUND

18. Defendant KRYSIAK CONSTRUCTION CORP. is a general contractor providing patio construction, new home construction and other services.

19. Plaintiffs were employed as construction workers by Defendants.

20. Corporate Defendant is an employer subject to the FLSA, as Corporate Defendant engages in an enterprise whose annual volume of sales made or business done is not less than $500,000.00, the activities of which affect interstate commerce, in that Corporate Defendant employs workers who provide various services inside and outside of New York and have moved in interstate and/or international commerce.

21. Upon information and belief, Corporate Defendant employs over 15 employees and during Plaintiffs' tenure, more than 20 persons worked for Corporate Defendant.

22. At all relevant times herein, Corporate Defendant operated as an integrated enterprise. Plaintiff and similarly situated employees work interchangeably among Corporate Defendant's work projects, and Plaintiffs and similarly situated employees were subject to the same pay practice.

23. Plaintiffs, throughout their employment with Corporate Defendant, were compensated with their wages either in cash or by a combination of cash and check.

24. Plaintiffs were never asked by Defendants to track their working hours.

25. Plaintiff, and others similarly situated, was entitled to be paid a proper wage for the work done.

26. BERNARD DUBLANSKI was employed by Corporate Defendant from January 28, 2018 through November 30, 2019, and at all times was paid $19.00/per hour straight time in cash.

27. RADOSLAW WADOLOWSKI was employed by Corporate Defendant from February 22, 2019 through March 27, 2020, and at all times was paid $24.00/per hour straight time in cash.

28. Throughout their employment with Defendants, Plaintiffs were also never paid all hours worked.

29. Plaintiffs were also never paid for time spent waiting to be engaged and traveling to the work site.

30. Plaintiffs, and others similarly situated, were entitled to be paid a proper wage for the work done.

31. Despite consistently working in excess of 40 hours per week, Plaintiffs (and others similarly situated) were never paid the proper overtime rate according to law of one-and-half times the regular hourly rate for hours in excess of 40 per week.

32. On average, Plaintiffs worked in excess of 40 hours per week.

33. On average, Plaintiffs worked 60 hours per week. Plaintiffs generally worked starting at 7:00 AM through 5:00 PM.

34. Despite the number of hours worked, Plaintiffs and others similarly situated were paid a straight time rate, but never at the proper overtime rate according to law.

35. Plaintiffs were paid less than the proper overtime rate of pay according to law.

36. By way of an example only, in a typical week, Plaintiff DUBLANSKI worked 60 hours but was paid an overtime rate of $19.00 per hour. Plaintiff DUBLANSKI should have been paid an overtime rate of $28.50 per each hour worked in excess of 40 hours. He was not. During her course of employment, Plaintiff was not paid at all for two (2) weeks as retaliation. Moreover, Plaintiff was not paid for travel time to and from the worksite.

37. By way of an example only, in a typical week, Plaintiff WADOLOWSKI worked 60 hours but was paid an overtime rate of $24.00 per hour. Plaintiff WADOLOWSKI should have been paid an overtime rate of $36.00 per each hour worked in excess of 40 hours. He was not. During his course of employment, Plaintiff was never paid the proper overtime rate despite always working no less than 20 hours of overtime each week. Moreover, Plaintiff was not paid for travel time to and from the worksite.

38. Upon information and belief, other similarly situated employees were, too, underpaid and were not paid the proper time and a half for overtime according to law.

39. This failure to pay was motivated by an intention to underpay Plaintiffs and others similarly situated.

40. Defendants failed to display legally required job site notices concerning state and labor laws.

41. Defendants failed to provide their employees, in writing in English and in the language identified by each employee as the primary language of the employee, a notice containing the rate or rates of pay and basis thereof, in contravention of NYLL § 195(1).

42. Defendants failed and never tracked Plaintiffs' and similarly situated employees' hours worked for any given day of a week during which the employee was employed.

43. Plaintiffs lived under constant fear of termination should they speak up to Defendants concerning non-payment of regular and overtime wages.

44. Upon information and belief, other similarly situated employees were treated the same way as Plaintiffs.

**Defendants' Conduct was and is Willful and Ongoing**

45. Defendants as employers have certain statutory obligations towards employees, including the requirement of paying employees at the higher overtime premium of one-and-a-half times their regular rate for each hour worked in excess of 40 per week, and to make, keep, and preserve proper payroll records.

46. Defendants knowingly failed to pay Plaintiffs and others similarly situated all of the regular and overtime wages to which they were entitled, and to make, keep, and preserve proper payroll records. Defendants willfully and intentionally created and operated an unlawful pay scheme.

47. As such, the various violations of the law which are alleged herein were committed knowingly, willfully, and intentionally by Defendants.

7

48. At a minimum, Defendants failed to take the necessary steps to ascertain their duties with respect to the payment of wages to their employees.

49. Upon information and belief these violations are ongoing, as Defendants continue to engage in the wrongful conduct described herein.

**Facts Relating to the Defendants as Employer**

50. At all relevant times herein, Corporate Defendant was and is controlled by Individual Defendants.

51. At all relevant times herein, Individual Defendants acted for and on behalf of Corporate Defendant, with the power and authority vested in them as owners, officers and agents of Corporate Defendant, and acted in the course and scope of their duty and function as agents and officers of Corporate Defendant.

52. At all relevant times herein, Individual Defendants directly managed, handled, or were otherwise ultimately responsible for, the payroll and/or payroll calculations and/or signing or issuing checks and/or cash payroll payments to Plaintiffs -- or directing payroll through other agents -- and others similarly situated.

53. Individual Defendants had control over the conditions of employment of Plaintiffs and others similarly situated, including their hiring and firing, their work schedules, the rates and methods of payments of their wages, and the maintenance of their employment records.

54. At all relevant times herein, Individual Defendants had operational control over Corporate Defendants.

55. Corporate Defendants and Individual Defendants are joint employers of Plaintiffs and others similarly situated; and, as a result, all such Defendants, individually and collectively, and jointly and severally, are liable for claims made herein.

**Facts Relating to the Piercing the Corporate Veil**

56.     Upon information and belief, in conducting the affairs of Corporate Defendant, BOGUSLAWA KRYSIAK failed to comply with the required corporate formalities, including recordkeeping, governance requirements, and other formalities.

57.     Upon information and belief, BOGUSLAWA KRYSIAK used the assets of Corporate Defendant as his own, and otherwise commingled personal assets with the assets of Corporate Defendant.

58.     As alleged herein, BOGUSLAWA KRYSIAK used Corporate Defendant in order to circumvent a statute or statutes or accomplish other wrongful acts or in furtherance of other wrongful or inequitable purposes.

59.     Upon information and belief, Corporate Defendant. was used to commit employment violations against Plaintiffs and others similarly situated.

60.     Corporate Defendant is the alter-ego of BOGUSLAWA KRYSIAK and as will be established at trial, for the purpose of the claims made by Plaintiffs and others similarly situated herein, Corporate Defendant has no separate legal existence from BOGUSLAWA KRYSIAK. As such, Corporate Defendant and BOGUSLAWA KRYSIAK individually and collectively, and jointly and severally, are liable for all claims made herein.

## COLLECTIVE ACTION ALLEGATIONS

61.     Plaintiffs bring this action on behalf of themselves and all others current and former employees of Corporate Defendant who did not receive the compensation required by the FLSA and the NYLL and New York common law with respect to their work for Defendants.

62.     Upon information and belief, this class of persons consists of not less than fifty (50) persons.

63. There are questions of law and fact common to the class, specifically whether the employment of Plaintiffs and others similarly situated by Corporate Defendant is subject to the jurisdiction and the wage and overtime requirements of the FLSA and NYLL. Only the amount of individual damages sustained by each former or current employee will vary.

64. Plaintiffs and Defendants' other employees are similarly situated insofar as Defendants instituted a policy to not pay Plaintiffs and others proper overtime wages and regular wages under the FLSA and NYLL.

65. Plaintiffs bring the FLSA and NYLL claims for relief herein individually and all others similarly situated as a collective action pursuant to the FLSA and NYLL and common law, in respect to all claims that Plaintiffs, and all others similarly situated, have against Defendants as a result of Defendants' violation of the labor laws as complained herein.

## CLASS ACTION ALLEGATIONS

66. Plaintiffs bring this action on behalf of themselves and all other current and former employees of Defendants who did not receive the compensation required by the FLSA and NYLL and New York common law with respect to their work for Defendants.

67. Upon information and belief, this class of persons consists of not less than fifty (50) persons, and the class is thus so numerous that joinder of all members is impracticable under the standards of Fed. R. Civ. P. 23(a)(1).

68. There are questions of law and fact common to the class which predominate over any questions affecting only individual members, specifically: whether the employment of Plaintiffs and others similarly situated by Defendants is subject to the jurisdiction and the wage and overtime requirements of the FLSA and NYLL and New York common law. Only the amount of individual damages sustained by each class member will vary.

69. The claims of Plaintiffs are typical of the claims of the above-described class in that the acts and practices of the Defendants have similarly affected all of the members of the class.

70. Plaintiffs will fairly and adequately protect the interests of the members of the class, in that their interests are not adverse to the interests of the other members of the class.

71. A class action is superior to other available methods for the fair and efficient adjudication of the controversy under the standards of Rule 23(b)(3) of the Federal Rules of Civil Procedure ("FRCP").

72. Plaintiffs bring the first, second, and third claims for relief herein on behalf of themselves individually and all others similarly situated as a class action pursuant to Rule 23 of the FRCP in respect to all claims that Plaintiffs, and all others similarly situated, have against the Defendants as a result of Defendants' violation of the FLSA, NYLL, and New York common law.

### First Claim for Relief
### Breach of Contract

73. Plaintiffs repeat and re-alleges each and every previous allegation as if fully set forth herein.

74. Plaintiffs and others similarly situated entered into an oral contract with Defendants to supply work in furtherance of Defendants' business in exchange for wages.

75. Plaintiffs and others similarly situated, satisfactorily supplied labor and otherwise complied with the terms of their employment agreement with Defendants and were therefore entitled to the wages they earned while working for Defendants.

76. Defendants failed or refused to pay Plaintiffs and others similarly situated all of their wages to which they were entitled under their employment agreement.

77. Defendants' failure or refusal to pay Plaintiff and others similarly situated all of the wages to which she was entitled under her employment agreement constituted a breach of such employment agreement.

78. Moreover, Plaintiff entered into a binding contract with the Defendants where the Corporate Defendant was to pay all expenses of Plaintiff incurred during the employment with Defendants. As result of this, Plaintiffs suffered damages.

79. By virtue of the foregoing breach of contract by Defendants, Plaintiffs and others similarly situated have been damaged in an amount to be proven at trial based upon an accounting of the amount she should have been paid as contemplated by her employment agreement, less amounts she actually was paid, together with interests, costs, disbursements, and attorneys' fees.

### Second Claim for Relief – Unpaid Wages and Overtime
### New York Minimum Wage Act NYLL § 650 et Seq.

80. Plaintiffs repeat and re-alleges each and every allegation above as if set forth fully and at length herein.

81. At all times relevant to this action, Plaintiffs, and all others similarly situated, were employed by Defendants, within the meaning of the New York Labor Law ("NYLL"), §§ 2 and 651 and the regulation thereunder including 12 NYCRR § 142.

82. Pursuant to the NYLL, Plaintiffs, and all others similarly situated, were entitled to payment of wages which Defendants intentionally failed to pay in violation of such laws.

83. Defendants failed to appraise Plaintiffs, and all others similarly situated, of their rights under New York Labor Law.

84. Defendants failed to furnish Plaintiffs, and all others similarly situated, with a statement with every payment of wages listing gross wages, deductions and net wages, in

contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 142-2.7.

85. Defendants failed to establish, maintain, and preserve for not less than six years, payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4) and New York State Department of Labor Regulation § 142-2.6.

86. Pursuant to these labor law violations, Plaintiffs, and all others similarly situated, are entitled to recover from Defendants their unpaid wages reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1).

87. Plaintiffs, and all others similarly situated, are also entitled to recover liquidated damages and civil penalties for an amount equal to one hundred percent of the total such underpayments found to be due.

88. Due to Defendants' New York Labor Law violations, Plaintiffs, and all others similarly situated, are entitled to recover from Defendants, their unpaid overtime wages, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to NYLL § 663(1).

89. Wherefore, Plaintiffs demand a money judgment in an amount to be proven at trial, individually and collectively for all other similarly situated employees.

### Third Claim for Relief – Unpaid Wages and Overtime
### Fair Labor Standards Act – 29 U.S.C. 201 et Seq.

90. Plaintiffs repeats and re-alleges each and every allegation above as if set forth fully and at length herein.

91. Plaintiffs, and all others similarly situated, were, for all times relevant to this Complaint, employed by Defendants.

92. At all times relevant herein, Defendants were engaged in commerce and/or in professional services for commerce and/or Defendants constituted an enterprise engaged in commerce within the meaning of the FLSA including 29 U.S.C. § 207 (a).

93. At all times relevant herein, Defendants failed and willfully failed to pay Plaintiffs and all others similarly situated wages due in violation of 29 U.S.C. § 207.

94. At all times relevant herein, Defendants failed and willfully failed to pay Plaintiffs, and all others similarly situated, minimum wages.

95. At all times relevant to this Complaint, Defendants had a policy of willfully failing to make proper wage payments.

96. As a result of Defendants' failure to compensate Plaintiffs, and all others similarly situated, Defendants have violated and continue to violate FLSA 29 U.S.C. §§ 201 et seq., including 29 U.S.C. § 207(a)(1) and § 215(a).

97. Defendants failed to make, keep and preserve records with respect to Plaintiffs and all others similarly situated, sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201 et. seq., including 29 U.S.C. § 211(c) and § 255(a).

98. Defendants conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

99. As result of the Defendants' failure to properly credit, record, report and/ or compensate Plaintiffs, and all others similarly situated, Defendants have failed to make, keep and preserve records with respect to each of its employee, including Plaintiffs, and all others similarly situated, sufficient to determine the wages, and other conditions and practices of employment in violation of the FLSA 29 U.S.C. §§ 201, et seq., including 29 U.S.C. §§ 211(c) and 215(a).

100. Defendants have failed to properly disclose or appraise Plaintiffs, and all others similarly situated, of their rights under the FLSA.

101. As a direct and proximate result of the Defendants' violation of the FLSA, Plaintiffs, and all others similarly situated, are entitled to liquidated damages pursuant to the FLSA.

102. Plaintiffs, and all others similarly situated, are entitled to an award of reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

103. Plaintiffs, and all others similarly situated, seeks a judgment for unpaid wages, and Plaintiffs also seek an award of liquidated damages, attorneys' fees, interest and costs as provided by the FLSA.

104. Due to Defendants' FLSA violations, Plaintiffs, and all others similarly situated, is entitled to recover from Defendants their unpaid compensation, an additional equal amount as liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

105. Wherefore, Plaintiffs demand a money judgment in an amount to be proven at trial, individually and collectively for all other similarly situated employees.

### Fourth Claim for Relief
### Quantum Meruit

106. Plaintiffs repeat and re-alleges each and every allegation above as if set forth fully and at length herein.

107. Plaintiffs, and all others similarly situated, performed work and services for Defendants.

108. Plaintiffs, and all others similarly situated, had a reasonable expectation of payment for the hours they worked for the Defendants.

109. Defendants failed to remunerate Plaintiffs for all of their hours worked.

110. Plaintiffs, and all others similarly situated, are entitled to be paid for a reasonable value for their services, less the amounts paid to them, together with an award of interest, costs, disbursements and attorneys' fees.

111. Wherefore, Plaintiffs demands a money judgment in an amount to be proven at trial, individually and collectively for all other similarly situated employees.

<b><u>Fifth Claim for Relief<br>Declaratory Judgment</u></b>

112. Plaintiffs repeat and re-allege each and every allegation above as if set forth fully and at length herein.

113. Plaintiffs demand a declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. § 201 et seq., NYLL – 12 NYCRR § 142 and Article 6 of the NYLL § 190 et seq.

<b>PRAYER FOR RELIEF</b>

**WHEREFORE,** Plaintiffs respectfully request that this Court grant the following relief:

(1) As to the First Claim for Relief, award Plaintiffs damages arising out of the breach of contract.

(2) As to the Second Claim for relief, award Plaintiffs their unpaid overtime wages due under the New York Minimum Wage Act and the Regulation thereunder including 12 NYCRR § 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorneys' fees pursuant to NYLL § 663;

(3) As to the Second Claim for Relief, award Plaintiffs any and all outstanding (additional) wages, including overtime wages plus

prejudgment interest, costs, disbursements and attorneys' fees pursuant to pursuant to NYLL § 198;

(4) As to the Second Claim for Relief, award Plaintiffs damages arising out of violation of NYLL;

(5) As to the Third Claim for Relief, award Plaintiffs their unpaid wages due under the FLSA, together with maximum liquidated damages, costs and attorneys' fees pursuant to 29 U.S.C. § 216(b);

(6) As to the Fourth Claim for Relief, award Plaintiffs the quantum meruit value of their labor.

(7) As to the Fifth Claim for Relief, a declaratory judgment that the practices complained of herein are unlawful under the FLSA, 29 U.S.C. § 201 et seq., NYLL – 12 NYCRR § 142 and Article 6 of the NYLL § 190 et seq.;

(8) Award Plaintiffs any relief requested or stated in the preceding paragraphs, but which has not been requested in the WHEREFORE clause or "PRAYER FOR RELIEF", in addition to the relief requested in the wherefore clause/prayer for relief;

(9) If liquidated damages pursuant to FLSA 29 U.S.C. § 216(b) are not awarded, an award of prejudgment interest pursuant to 28 U.S.C. § 1961;

(10) Award prejudgment interest pursuant to New York Civil Practice Law and Rules §§ 5001-02;

(11) Award post judgment interest pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law And Rules § 5003;

(12) Award attorneys' fees, costs and further expenses of this action pursuant to 29 U.S.C. § 216(b) and NYLL §§ 198(1)-(2) and 663(1);

(13) Award Plaintiffs all other relief requested in this Complaint;

(14) Award Plaintiffs other, further and different relies as the Court deems just and proper; and

(15) An injunction requiring Defendants to pay all statutorily required wages and cease the unlawful activity described herein pursuant to the NYLL.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: October 29, 2020
　　　　Brooklyn, New York

　　　　　　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　　**MARZEC LAW FIRM, PC**

　　　　　　　　　　　　　　　　　　　By:　*/s/ Darius A. Marzec*
　　　　　　　　　　　　　　　　　　　　　　Darius A. Marzec, Esq.
　　　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiffs
　　　　　　　　　　　　　　　　　　　　　　BERNARD DUBLANSKI and
　　　　　　　　　　　　　　　　　　　　　　RADOSLAW WADOLOWSKI and
　　　　　　　　　　　　　　　　　　　　　　*COLLECTIVELY FOR ALL OTHER*
　　　　　　　　　　　　　　　　　　　　　　*FORMER AND CURRENT EMPLOYEES*
　　　　　　　　　　　　　　　　　　　　　　776A Manhattan Avenue, Suite 104
　　　　　　　　　　　　　　　　　　　　　　Brooklyn, New York 11222
　　　　　　　　　　　　　　　　　　　　　　(718) 609-0303
　　　　　　　　　　　　　　　　　　　　　　dmarzec@marzeclaw.com