# MARZEC LAW FIRM, P.C.

DARIUS A. MARZEC IS LICENSED TO PRACTICE LAW IN: NEW YORK
NEW JERSEY • CONNECTICUT • MASSACHUSETTS • PENNSYLVANIA
WASHINGTON, D.C. • ILLINOIS • FLORIDA • CALIFORNIA • HAWAII

**BROOKLYN OFFICE**
776A Manhattan Ave., Ste 104
Brooklyn, NY 11222
Phone: (718) 609-0303
Facsimile (718) 841-7508
dmarzec@marzeclaw.com

---

Via ECF

March 15, 2021

Honorable Magistrate Judge Cheryl L. Pollak
United States District Court
Eastern District of New York
225 Cadman Plaza East, Courtroom 13B-South
Brooklyn, New York 11201

> Re:   Dublanski et al. vs. Krysiak Construction Corp. et al.
>         Civil Case No.: 1:20-cv-5232 (ENV) (CLP)

Dear Magistrate Judge Pollak:

We represent Plaintiffs BERNARD DUBLANSKI ("Mr. Dublanski") and RADOSLAW WADOLOWSKI ("Mr. Wadolowski") (collectively "Plaintiffs"), in the above-referenced matter ("Action"). We write jointly on behalf of the parties to request the Court approve the Settlement Agreement reached by the parties in the Action. A copy of the fully executed Settlement Agreement is attached. Final approval of the settlement will bring this Action to a close.

The parties request Court approval of their settlement because the claims in this Action include claims under the Fair Labor Standards Act ("FLSA"), which requires Court approval of the settlement of FLSA claims. See Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015). When reviewing an FLSA settlement that does not involve a certified class, as is the case here, the Court typically examines the following factors: "(1) the complexity, expense, and likely duration of the litigation; (2) the stage of the proceedings and the amount of discovery completed; (3) the risks of establishing liability; (4) the risks of establishing damages; (5) the ability of the defendants to withstand a larger judgment; and (6) the range of reasonableness of the settlement amount in light of the best possible recovery and all the risks of litigation." Abrar v. 7-Eleven, Inc., 2016 WL 1465360 *2 (EDNY 2016) (citations omitted). Courts will also consider whether the settlement is the result of an arm's length negotiation conducted in good faith by counsel with significant experience litigating wage and hour claims. See Calle v. Elite Specialty Coatings Plus, Inc., 2014 WL 662081 *1-2 (EDNY 2014).

The Claims Asserted In The Complaint By Plaintiffs

Plaintiffs previously worked as construction workers for Defendants KRYSIAK CONSTRUCTION CORP. ("Corporate Defendant"), BOGUSLAWA KRYSIAK, MAREK WUJCIK, and ARKADIUSZ MAKOWSKI (collectively "Defendants") as a full-time employees. On or about October 29, 2020, Plaintiffs commenced this Action against Defendants. The Complaint contains six (6) causes of action: (1) breach of contract, (2) violation of New York Labor Law § 650, et seq., (3) violation of the FLSA, (4) quantum meruit, (5) fraud, and (6) declaratory judgment that the practices complained of are unlawful under the FLSA, 29 U.S.C. § 201 et seq., NYLL – 12 NYCRR § 142 and Article 6 of the NYLL § 190 et seq. All six (6) claims are based on Plaintiffs' allegations that they were

not paid their earned wages and overtime while employed by Defendants, and that they feared retaliation and termination of their employment should they speak up to Defendants concerning non-payment of lawful prevailing and overtime wages. Defendants filed an Answer on or about December 4, 2020 denying the allegations asserted in the Complaint and denied they owed Plaintiffs wages or overtime compensation. The Complaint alleged failure to comply with documents/notices required by law, such as a summary of wage statements and failure to display legally required job site notices concerning state and labor laws. The Complaint further alleged that Defendants failed to provide their employees, in writing in English and in the language identified by each employee as the primary language of the employee, a notice containing the rate or rates of pay and basis thereof, in contravention of NYLL § 195(1). Moreover, the Complaint alleged that Defendants failed and never tracked Plaintiffs' hours worked for any given day of a week during which each Defendant was employed.

The Proposed Settlement

The proposed settlement involves only the individual claims asserted by Plaintiffs in the Action. Neither class nor collective claims will be settled as Plaintiffs have not made any application before the Court for conditional or other certification of the putative class.

The proposed Settlement Agreement requires Defendants to pay Plaintiffs $64,000.00 ("Settlement Amount"), inclusive of attorneys' fees and costs, in full satisfaction of all claims Plaintiffs have or may have against the Defendants. The Settlement Amount will be paid as follows: $18,167.67 to Dublanski, $24,167.67 to Wadolowski, and $21,664.66 to the Marzec Law Firm, P.C. as attorneys. Defendants agree to make payment of $64,000.00, payable to Marzec Law Firm, P.C. as attorneys for Bernard Dublanski and Radoslaw Wadolowski within fourteen (14) calendar days after: (a) Defendants receive a signed original of this Agreement and Release (email copy acceptable); and (b) the Court approves this Settlement Agreement. Plaintiffs' counsel shall file the Stipulation and Order of Dismissal attached as Exhibit A to the Settlement Agreement within 5 days of receipt and clearing of the Settlement Payment, which shall be sent to Marzec Law Firm, P.C. via wire transfer. Marzec Law Firm, P.C. will timely provide to Defendants' counsel bank account information needed for the wire transfer after the Court's approval of the Settlement and Release. A true copy of the signed and duly executed Settlement Agreement with all exhibits is attached hereto as **Exhibit A**.

The parties, through their respective attorneys, have engaged in extensive settlement discussions and have exchanged information and documents regarding Plaintiffs' claims. The proposed settlement was negotiated at arm's length by counsel experienced in litigating, and settling, wage and hour claims. A variety of factors were discussed and considered during the settlement negotiations, including the factual basis of the allegations that Plaintiffs were not paid earned wages and overtime wages, the weekly and daily hours that Plaintiffs claim they worked, the availability of evidence confirming or refuting Plaintiffs' claims of hours worked, the availability of documentation confirming payment of overtime compensation, and Plaintiffs' work history working for Defendants, including their hourly and overtime pay rates during the period covered by the applicable statute of limitations. Moreover, counsel for Defendant KRYSIAK CONSTRUCTION CORP. contends that the business in no longer in operation. Litigation costs were also considered.

As alleged in Plaintiffs' Complaint, Mr. Dublanski worked for Defendants from January 28, 2018 through November 30, 2019, an average of 60hrs/week. Mr. Dublanski, however, was paid for 60hrs/week at a flat rate of $19.00 and the Complaint alleged that he was never paid the proper

overtime rate. Twenty hours of overtime wages calculated at a proper overtime rate of $28.50 would equate to unpaid wages of $190/week. Mr. Dublanski's ten months of employment multiplied by 4.3 weeks is approximately 43 weeks of employment. Defendants, however, dispute that Mr. Dublanski's period of employment consisted of 43 weeks. Multiplying 43 weeks by $192.00 in unpaid overtime wages totals $8,256.00 in unpaid overtime wages. Likewise, the Complaint alleged that Mr. Wadolowski worked for Defendants from February 1, 2019 through December 1, 2019, an average of 60hrs/week. Mr. Wadolowski, however, was paid for 60hrs/week at a flat rate of $24.00 and was never paid the proper overtime rate. Twenty hours of overtime wages calculated at a proper overtime rate of $36.00/hr would equate to unpaid wages of $240/week. Mr. Wadolowski's nine months of employment multiplied by 4.3 weeks is approximately 39 weeks of employment. Multiplying 39 weeks by $240.00 unpaid overtime wages totals $9,360.00 in unpaid overtime wages. Both the underpayments to each Plaintiff are subject to being doubled given statutory liquidated damages that would result in total damages of $16,512.00 and $18,770.00, respectively.

Moreover, taking into consideration the Complaint's allegations that Defendants failed to furnish Plaintiffs with a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 142-2.7, and that Defendants failed to provide other required notices under the law, as well as the damages associated and attending thereto which can be assessed against Defendants for these alleged violations in the sum of $10,000.00 for each Plaintiff, the settlement amount in the sum of $18,167.67 to be paid to Mr. Dublanski and $24,167.67 to be paid to Mr. Wadolowski under the Settlement Agreement is fair and reasonable, particularly in light of Defendants' agreement to pay Plaintiffs' attorneys' fees and costs in litigating this matter. Of course, the damage calculations assume certain facts that may not necessarily be entirely proved, and documents may not exist. In addition there may be significant litigation risk and potential proof problems should the case go to trial. Defendants are all being represented by competent counsel specializing in wage and hour matters.

After much negotiation, a settlement was reached that is believed to represent a fair resolution of Plaintiffs' claims. Several various settlement agreement copies were circulated, and many changes made. The parties are satisfied with the text and substance of the proposed settlement. The parties, and their attorneys, believe the settlement represents a reasonable and appropriate compromise of the claims asserted by Plaintiffs in their Complaint and a hearing should be scheduled on the proposed settlement, or as the Court deems appropriate.

Attorneys' Fees And Costs

It is submitted that the proposed settlement and the attorneys' fees charged, and costs incurred, thereof by the Plaintiffs are reasonable under the circumstances. In the Second Circuit, the reasonable hourly rate for an attorney shall be based on the customary fee charged for similar services by lawyers in the community with like experience and of other comparable reputation to those by whom the prevailing party was represented. See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany & Albany Cty. Bd. of Elections, 522 F.3d 182, 184 (2d Cir. 2008); Cohen v. W. Haven Bd. of Police Comm'rs, 638 F.2d 496, 506 (2d Cir. 1980) ("The fees that would be charged for similar work by attorneys of like skill in the area [is] the starting point for determination of a reasonable fee award."). An award of attorneys' fees is within the discretion of the Court. Such award, however, must be evidenced by a showing of the hours expended and the prevailing hourly rate "in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Gierlinger v. Gleason, 160 F.3d 858, 882 (2d Cir. 1998) (internal quotations omitted).

4

Attached hereto as **Exhibit B** are the hour entries for the undersigned and his associate working on the matter, along with costs incurred and paid. Attorneys' fees expended are $21,465.00, consisted of 47.70 hours of attorney time, and costs incurred of $497.00. A reasonable hourly fee for the attorney with the undersigned's experience as well as the senior associate of the Marzec Law Firm, P.C., who both worked on this matter, is $450.00 per hour. The undersigned was first admitted to the bar in 2006 and is admitted to 10 legal jurisdictions of the United States (New York, New Jersey, District of Columbia, Illinois, Pennsylvania, Florida, California, Massachusetts, Connecticut, and Hawaii), as well as to the United States District Court for the Eastern District of New York, the Southern District of New York, the District of New Jersey, and Middle and Eastern Districts of Pennsylvania. The undersigned is also admitted to practice law before the Second Circuit and all bankruptcy courts in the above districts. The undersigned has handled more than 300 matters in federal courts, including bankruptcy courts, in addition to state court litigation and out of court settlements. The senior associate attorney who worked on this matter possesses more than 25 years of experience practicing law in this District, Circuit and State and is also admitted to practice law before the Second Circuit and the Eastern and Southern Districts of New York. As part of the settlement, the undersigned has agreed to accept $21,664.66 for attorneys' fees including $497.00 for costs ($400.00 filing fee, $90.00 postage and $7.00 copying costs) incurred in this Action, which is slightly below the actual billings on this case. Plaintiffs' counsel would not charge additional fees to bring this matter to close.

Accordingly, the Plaintiffs respectfully request that the Court approve the proposed settlement and Settlement Agreement, including approval of the payment of attorneys' fees and costs therein. Should Your Honor require a proposed Order approving the settlement, the parties will submit it upon Your Honor's request for consideration

Respectfully submitted,

/s/ *Darius A. Marzec*

Darius A. Marzec

DM:jn
CC:         Brian J. Shenker, Esq.
            (via ECF and email)
Enclosures: Settlement Agreement
            Attorney Time Records