UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
BERNARD DUBLANSKI, *et al.*,

                            Plaintiffs,

          -against-                                    **ORDER**
                                                       20 CV 5232 (CLP)

KRYSIAK CONSTRUCTION CORP., *et al.*,

                            Defendants.
-----------------------------------------------------------X
**POLLAK**, Chief United States Magistrate Judge:

       On October 29, 2020, plaintiffs Bernard Dublanski ("Dublanski") and Radoslaw Wadolowski ("Wadolowski") filed this collective action against Krysiak Construction Corp. ("Krysiak Construction"), Boguslawa Krysiak, Marek Wujcik, and Arkadiusz Makowski (collectively, "defendants"), seeking to recover for breach of contract, failure to pay minimum wages, failure to pay overtime wages, violations of wage and notice requirements, and fraud, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the New York Labor Law ("NYLL") § 650, et seq. Although this matter was originally brought as a collective action, the settlement is only as to the two named plaintiffs. The parties have consented to this Court's jurisdiction to determine the fairness of the proposed settlement of this matter.[1]

       The parties reached a settlement of this matter, the terms of which are set forth in the Settlement Agreement and Release, filed with the Court. (See Sett. Agr.[2]). On March 15, 2021, plaintiffs filed a motion requesting that the Court approve the Settlement Agreement as fair and reasonable pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015),

---

[1] See Consent to Jurisdiction by U.S. Magistrate Judge, endorsed by the Honorable Eric N. Vitaliano on March 16, 2021, ECF No. 16.

[2] Citations to "Sett. Agr." refer to the Settlement and Agreement Release, filed as Exhibit A to plaintiffs' Motion for Settlement Approval, filed on March 15, 2021, ECF No. 14.

1

cert. denied, 136 S. Ct. 824 (2016).  On May 24, 2021, the Court held a fairness hearing on the motion.  For the reasons set forth in this Order, the Court approves the agreement as fair and reasonable and approves the attorney's fees.

FACTUAL AND PROCEDURAL BACKGROUND

According to the Complaint, plaintiffs were construction workers for Krysiak Construction, a general contractor.  (Compl.[3] ¶¶ 18-19).  Defendant Boguslawa Krysiak was the Chief Executive Officer of Krysiak Construction and charged with the payment of wages to the plaintiffs.  (Id. ¶ 7).  Defendant Marek Wujcik was the site construction supervisor of Krysiak Construction and charged with the payment of wages to the plaintiffs.  (Id.)  Defendant Arkadiusz Makowski was a supervisor for Krysiak Construction and charged with the payment of wages to the plaintiffs.  (Id.)

Plaintiff Dublanski was employed by Krysiak Construction from January 28, 2018 until November 30, 2019.  (Id. ¶ 26).  He claims that, at all times, he was paid $19.00 per hour in cash.  (Id.)  Plaintiff Wadolowski was employed by Krysiak Construction from February 22, 2019 until March 27, 2020.  (Id. ¶ 27).  He claims that, at all times, he was paid $24.00 per hour in cash.  (Id.)  Both plaintiffs state that they were not paid for all hours worked, and that they were not paid for travel time to the work site.  (Id. ¶¶ 28-29).  Both plaintiffs state that they worked approximately 60 hours per week but did not receive time-and-a-half pay for the hours they worked in excess of 40 hours per week.  (Id. ¶¶ 31-35).  The plaintiffs further allege that defendants failed to display required job site notices regarding state and federal labor laws and failed to provide wage notices or complete and accurate wage statements.  (Id. ¶¶ 40-42).

---

[3] Citations to "Compl." refer to plaintiffs' Complaint, filed on October 29, 2020, ECF No. 1.

The parties propose to settle this matter for a total of $64,000.00. (Mot.[4] at 2). Of that amount, plaintiff Dublanski is to receive $18,167.67; plaintiff Wadolowski is to receive $24,167.67; and plaintiffs' counsel is to receive $21,664.66 in fees and costs. (Id.)

## DISCUSSION

A. Legal Standard

In considering whether to approve an FLSA settlement, courts consider whether the agreement "reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." Le v. Sita Info. Networking Computing USA, Inc., No. 07 CV 86, 2008 U.S. Dist. LEXIS 46174, at *1-2 (E.D.N.Y. June 12, 2008) (internal quotation omitted); accord Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982) (holding that where an FLSA settlement is a reasonable compromise, the settlement should be approved to "promote the policy of encouraging settlement of litigation"). Courts have identified several factors to consider when determining whether a proposed settlement is fair and reasonable, including:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotations and citations omitted); see also Cohetero v. Stone & Tile, Inc., No. 16 CV 4420, 2018 WL 565717, at *6 (E.D.N.Y. Jan. 25, 2018) (endorsing the factors from Wolinsky).

---

[4] Citations to "Mot." refer to the Motion for Settlement Approval, filed by plaintiffs on March 15, 2021, ECF No. 14.

"When presented with a settlement for approval, a district court's options are to (1) accept the proposed settlement; (2) reject the proposed settlement and delay proceedings to see if a different settlement can be achieved; or (3) proceed with litigation." Fisher v. SD Prot. Inc., 948 F.3d 593, 606 (2d Cir. 2020) (citing Evans v. Jeff D., 475 U.S. 717, 727 (1986)). "[E]ven though a district court has a duty to review an FLSA settlement for reasonableness to prevent any potential abuse, this does not grant the court authority to rewrite contract provisions it finds objectionable." Id. at *9. Rather, if the court finds one or more provisions of a FLSA settlement agreement to be unreasonable, the Court must reject the proposed settlement. See id. at *8.

B. Settlement Terms

The Court finds that the terms of the Settlement Agreement and Release are fair and reasonable. The written agreement contains no confidentiality provision. Although there is a general release of claims, the release of claims against defendants is limited to wage and hour claims arising from the plaintiffs' employment with Krysiak Construction, so the release is not impermissibly broad. (Sett. Agr. § 3). See Panganiban v. MedEx Diagnostic and Treatment Center, LLC, No. 15 CV 2588, 2016 WL 927183, at *3 (E.D.N.Y. Mar. 7, 2016).

The Settlement Agreement also contains a mutual non-disparagement clause. (Sett. Agr. § 4). The clause prohibits the parties from disparaging or making untruthful statements about one another but contains a carveout for truthful "statements by Plaintiffs or Defendants regarding the subject-matter of this lawsuit." (Id.) Courts in this Circuit have held that "not all non-disparagement clauses are per se objectionable." Martinez v. Gulluoglu LLC, No. 15 CV 2727, 2016 WL 206474, at *1 (S.D.N.Y. Jan. 15, 2016) (quotation marks and citations omitted). A settlement agreement may incorporate a non-disparagement agreement as long as it includes "a carve-out for truthful statements about plaintiffs' experience litigating their case," id., as is the

case here. Given that the clause is mutual and contains a carve-out for truthful statements, the Court finds that the clause is not objectionable.

C. <u>Settlement Amount</u>

The Settlement Agreement, which was reached after a period of arms-length bargaining, proposes a total settlement amount of $64,000.00. (Mot. at 2). In reaching this agreement, the parties acknowledge that there were ongoing disputes regarding the plaintiffs' claims and the extent of damages to be awarded. The parties acknowledge that these issues, depending on how they were resolved, could adversely affect plaintiffs' ability to recover and that there are risks inherent in litigation. (Mot. at 3). In addition, the parties recognize Krysiak Construction's contention that the general contracting business is no longer in operation. (Mot. at 2).

Plaintiffs calculated their combined unpaid overtime wage damages as totaling $35,282. (<u>Id.</u> at 3). Defendants dispute plaintiff Dublanski's period of employment and thus dispute the accuracy of this wage calculation. (<u>Id.</u>) In light of the Complaint's allegations that defendants failed to provide plaintiffs with complete and accurate wage statements in contravention of NYLL, plaintiffs note that damages of $10,000 for each plaintiff could be recovered from defendants. (<u>Id.</u>) Under this agreement, plaintiffs will receive $42,335.34, representing approximately 77% of their maximum recovery under FLSA and NYLL. (<u>Id.</u>)

Weighing the settlement amount agreed to here against the inherent risks and burdens that plaintiffs would face in pursuing the litigation, and seeing no issues regarding potential fraud or collusion in this case, the Court finds that the settlement reached is fair and reasonable. <u>See Wolinsky v. Scholastic Inc.</u>, 900 F. Supp. 2d at 335.

D. <u>Attorney's Fees and Costs</u>

The Second Circuit has set forth six factors to determine whether attorney's fees in FLSA settlements are reasonable: "(1) the time and labor expended by counsel; (2) the magnitude and

5

complexities of the litigation; (3) the risk of the litigation . . .; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations." Goldberger v. Integrated Res., Inc., 209 F.3d 43, 50 (2d Cir. 2000).

Courts may employ the "lodestar" method in determining whether attorney's fees are reasonable, multiplying the number of hours reasonably spent by counsel on the matter by a reasonable hourly rate. See Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 546, 551-52 (2010); Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011); Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany, 522 F.3d 182, 183 (2d Cir. 2008); Cowan v. Ernest Codelia, P.C., No. 98 CV 5548, 2001 WL 30501, at *7 (S.D.N.Y. Jan. 12, 2001), aff'd, 50 F. App'x 36 (2d Cir. 2002). Although there is a "strong presumption that this amount represents a reasonable fee," the resulting lodestar figure may be adjusted based on certain other factors. Cowan v. Ernest Codelia, P.C., 2001 WL 30501 at *7; Quaratino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 1999).

Instead of using the lodestar method, courts may employ the "percentage of the fund" method. See McDaniel v. County of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010). With this method, courts in this Circuit have routinely found an award representing one-third of the settlement amount to be reasonable. Romero v. Westbury Jeep Chrysler Dodge, Inc., No. 15 CV 4145, 2016 WL 1369389, at *2 (E.D.N.Y. Apr. 6, 2016) (citing cases). However, a one-third percentage may be "simply too great" in relation to the work performed. Larrea v. FPC Coffees Realty Co., No. 15 CV 1515, 2017 WL 1857246, at *6 (S.D.N.Y. May 5, 2017) (declining to approve a one-third fee that would result in an 11.4 multiplier of the lodestar calculation).

In FLSA cases, regardless of the method used, "'[t]he Court must . . . separately assess the reasonableness of plaintiffs' attorney's fees, even when the fee is negotiated as part of a

settlement rather than judicially determined.'" Beckert v. Rubinov, No. 15 CV 1951, 2015 WL 6503832, at *2 (S.D.N.Y. Oct. 27, 2015) (quoting Lliguichuzcha v. Cinema 60, LLC, 948 F. Supp. 2d. 362, 366 (S.D.N.Y. 2013).

Here, plaintiffs' counsel seeks attorney's fees equal to one-third of the total settlement amount, after subtracting costs. (Mot. at 4). Since plaintiffs' counsel is requesting one-third of the settlement, a percentage typically found reasonable in this Circuit, upon review of the parties' submission and consideration of the Goldberger factors set forth above, the Court finds that the requested fee is reasonable. With respect to plaintiffs' counsel's request for costs, counsel requests $497, consisting of $400 in filing fees, $90 in postage fees, and $7 in copying fees. (Mot. at 4). The Court finds that these costs are reasonable and necessary.

## CONCLUSION

In this case, after holding a fairness hearing and reviewing the parties' submission, the Court finds that the settlement reached is a fair and reasonable compromise of plaintiffs' claims, considering the amount received, the issues of potential liability that might have limited recovery, and the fact that the parties engaged in arms' length negotiations between experienced counsel, sufficient to gain an understanding of the risks and benefits of proceeding with the litigation. Cf. Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d at 335 (examining the factors courts consider when approving FLSA settlement agreements). The Court also finds that counsel's request for fees and costs is reasonable.

The parties are directed to file a stipulation of dismissal by July 18, 2021.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
      August 2, 2021

                                          /s/ Cheryl L. Pollak
                                          Cheryl L. Pollak
                                          Chief United States Magistrate Judge
                                          Eastern District of New York